UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPROF, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>M R F FLORES,<br><br>        Defendant. | No. 2:14-cv-1458 JAM DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

    By Notice of Removal filed June 18, 2014, this unlawful detainer action was removed from the Solano County Superior Court by defendant M R F Flores, who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

    It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)

1  (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also Provincial

2  Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction

3  depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."

4  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th

5  Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter

6  jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

7      In removing this action, defendant asserts that this court has original jurisdiction over the

8  action "in that the amount in controversy exceeds the sum of $75,000."  (Notice of Removal (Dkt.

9  No. 1) at 3-4.)  A reading of the complaint filed in this action reveals, however, that the complaint

10  is for an unlawful detainer action.  (Id. at 9.)  Because an "unlawful detainer cause of action is

11  concerned only with the possession of the Property, damages are limited to those incident to the

12  unlawful detention of said Property."  Litton Loan Servicing, L.P. v. Villegas, No. C 10-5478

13  PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).  Moreover, plaintiff's underlying

14  unlawful detainer complaint clearly denotes on its face that the amount in controversy does not

15  exceed $10,000.[1]  (Notice of Removal (Dkt. No. 1) at 9.)

16      It is also evident from a reading of plaintiff's complaint filed in the Solano County

17  Superior Court that this is nothing more than a garden-variety unlawful detainer action filed

18  against the former owner of real property located in California and that it is based wholly on

19  California law without reference to any claim under federal law.  As such, the complaint does not

20  involve any "claim or right arising under the Constitution, treaties or laws of the United States"

21  that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. §

22  1441(b).  It is also evident from defendant's Notice of Removal that any federal claims that could

23  conceivably be presented in this action arise solely from defendant's own affirmative defenses

24  and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl. Remediation, LLC,

25  213 F.3d at 1113.  Thus, the defendant has failed to meet his burden of establishing a basis for

---

[1] Jurisdiction founded on diversity also requires that the parties be in complete diversity of citizenship.  See 28 U.S.C. § 1332.  However, defendant's notice of removal fails to address the citizenship of either party.

2

1  federal jurisdiction over this action.

2  Finally, the undersigned notes that this is the second time defendant Flores has improperly
3  removed this matter to this federal court.  Defendant Flores first removed this matter to this court
4  on April 17, 2014.  See HPROF, LLC v. M R F Flores, No. 2:14-cv-0951 TLN DAD PS.  In that
5  action, the undersigned issued findings and recommendations on April 29, 2014 recommending
6  that the matter be summarily remanded to Solano County Superior Court for the same reasons as
7  are noted above.  The action was remanded on May 22, 2014, when the District Judge assigned to
8  that earlier action adopted the undersigned's April 29, 2014 findings and recommendations in
9  full.

10  In light of this history defendant Flores is, therefore, cautioned that future attempts to
11  remove this matter to this court may result in the imposition of sanctions.  See Ryan Family Trust
12  v. Chairez, No. 2:14-cv-0958 JAM KJN PS, 2014 WL 1665004, at *3 (E.D. Cal. Apr. 22, 2014)
13  ("Defendant is cautioned that any future improper removals may result in an award of costs and
14  expenses to Plaintiff, and/or the imposition of any other appropriate sanctions"); Wells Fargo
15  Bank, N.A. v. Lombera, No. C12-3496 HRL, 2012 WL 3249497, at *2 (N.D. Cal. Aug. 7, 2012)
16  (recommending sanctions where "defendants' litigation history establishes a troubling record of
17  repeated removals of the same unlawful detainer action, in apparent disregard of the court's prior
18  remand orders"); U.S. Bank Nat'l Ass'n v. Mikels, No. C12-00047 CW, 2012 WL 506565, at *2
19  (N.D. Cal. Feb. 15, 2012) (awarding fees against a pro se defendant where the court had already
20  remanded the case once, and then defendant removed the case a second time just before the state
21  court was to hear summary judgment motions); see also 28 U.S.C. § 1447(c) ("[a]n order
22  remanding the case may require payment of just costs and any actual expenses, including attorney
23  fees, incurred as a result of the removal.").

24  Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the
25  Solano County Superior Court and that this case be closed.

26  These findings and recommendations will be submitted to the United States District Judge
27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28  after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 20, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\hprof1458.ud.f&rs